# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>Michael Keith Rubino<br><br>*Defendant(s)* | Case No. 2:25-mj-0068 JDP |

**FILED**
Apr 22, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 3, 2024,__ in the county of __Solano__ in the __Eastern__ District of __California__, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Sexual exploitation of a child |

This criminal complaint is based on these facts:

See attached affidavit of FBI Special Agent Carla Ceccon.

☒ Continued on the attached sheet.

/s/ Carla Ceccon
*Complainant's signature*

Carla Ceccon, FBI Special Agent
*Printed name and title*

Sworn telephonically, pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: April 22, 2025

*Judge's signature*

City and state: Sacramento, California    Jeremy D. Peterson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Carla Ceccon, being duly sworn, hereby depose and state as follows:

### I.      INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent of the Federal Bureau of Investigation (the "FBI"), and have been since September 2018. I am currently assigned to the FBI's Sacramento Division. Prior to being assigned to the Sacramento Division, I was assigned to the San Francisco Division and served on the Santa Clara County Safe Streets Gang Task Force.

2.      As a Special Agent of the FBI, I am authorized to investigate violations of the laws of the United States, and I am a law enforcement officer charged with executing arrest and search warrants under the authority of the United States.

3.      My training consisted of twenty-one weeks of New Agent Training classes, during which I received instruction on various aspects of criminal and national security investigations. As part of my training, I received extensive instruction in the areas of criminal law; firearms; rules of evidence; interview techniques; physical surveillance; working with confidential informants; writing affidavits; executing search warrants; analyzing phone records obtained from subpoenas, search warrants, pen registers, and trap and trace devices; and collecting and processing evidence. In addition, I received specialized training in firearms technology, narcotics and gang investigations, crimes against children investigations, human trafficking investigations, and extracting data from digital devices. Throughout my career, and as part of my participation in this investigation, I have spoken with, worked with, and gained knowledge from numerous experienced federal, state, and local investigators.

4.      Prior to my employment as an FBI Special Agent, I was employed by the Sacramento Police Department for approximately three years. I attended the Sacramento Police Academy for my basic training to become a police officer, which consisted of approximately 980 hours of training. From December 2015 through May 2018, I was assigned to the Office of Operations as a patrol officer working both uniform and plain clothes patrol. During this assignment, I conducted, as well as participated in, hundreds of investigations including crimes

of homicide, robbery, weapons violations, sexual assaults, and various gang- and narcotics-related offenses. As a police officer, I conducted no less than 100 vehicle, probation, and parole searches of people, residences and personal property, resulting in numerous arrests for a variety of criminal statutes. Prior to my employment as a police officer, I was employed by the Colusa County Probation Department as a Deputy Probation Officer for approximately two years. As a Deputy Probation Officer, I participated in hundreds of probation searches of people, residences and personal property.

5. In concert with the Vacaville Police Department, I am conducting an investigation into suspected criminal activity committed in Solano County by an individual named Michael Keith Rubino. Based on the facts contained in this affidavit that I have learned and developed during this investigation, I submit that there is probable cause to believe that on or about October 3, 2024, in Solano County, Rubino sexually exploited a child in violation of 18 U.S.C. § 2251(a). Accordingly, I make this affidavit in support of a criminal complaint and accompanying arrest warrant for Rubino.

6. The facts and information in this affidavit are based on my personal knowledge, my training and experience, information I learned from other law enforcement officers and witnesses, and review of various documents and records. Furthermore, this affidavit does not contain all the facts known to me about the ongoing law enforcement investigation of Rubino.

## II. FACTS ESTABLISHING PROBABLE CAUSE

7. In or around late November 2024, officers of the Vacaville Police Department received a call for service from the mother of a minor female (referred to in this affidavit as Minor Victim 1) indicating that Minor Victim 1 was being treated at a Solano County hospital for various medical conditions and had possibly been the victim of sexual assault.

8. Based on subsequent interviews of Minor Victim 1 and Minor Victim 1's mother conducted by responding officers, detectives, social workers, and Minor Victim 1's health-care providers while Minor Victim 1 was receiving treatment at the hospital, officers learned the following summarized facts, among others:

a) In or around late September 2024, Minor Victim 1 ran away from home and subsequently began residing with Rubino at his residence on Overland Drive in Vacaville, California;

b) While Minor Victim 1 lived with Rubino, Rubino engaged in sexual conduct with her (including oral sex and vaginal intercourse) on multiple occasions inside his bedroom in the residence on Overland Drive in Vacaville;

c) Rubino's bedroom in which he engaged in sexual conduct with Minor Victim 1 contained various identifying features, including a flag behind his bed that depicted the words, "TREAT HER RIGHT" but with the leading "TR" blacked out to appear as if the flag read, "EAT HER RIGHT";

d) Rubino used his cellular phone to record some of these incidents of sexual conduct between himself and Minor Victim 1 that occurred in his bedroom;

e) Minor Victim 1 was seventeen years old at the time of her interactions with Rubino;[1] and

f) On or around November 19, 2024, Rubino dropped Minor Victim 1 off at the hospital in Solano County after she developed infections on her body.

9. On or around November 27, 2024, and based in part on the above-summarized information that Minor Victim 1 and her mother provided to law enforcement personnel, officers of the Vacaville Police Department executed a search warrant at Rubino's residence on Overland Drive in Vacaville, California. This search warrant authorized officers to seize evidence of child sexual exploitation, including cellular devices that could contain evidence of such exploitation.

10. While executing this search, officers encountered Rubino and one other individual (a female) inside the residence. Inside a bedroom that appeared to be his and that contained an "EAT HER RIGHT" flag, officers seized a white Apple iPhone from on top of the room's bed. Officers determined that this iPhone did not belong to the other individual encountered inside

---

[1] As part of this investigation, I obtained a true and accurate copy of Minor Victim 1's birth certificate. This birth certificate indicates that Minor Victim 1 was born in September 2007.

AFFIDAVIT 3

Rubino's residence at the time of the search warrant's execution, based in part on the fact that this other individual used a different cellular device to make a voice call to a third party to arrange to be picked up from Rubino's residence while officers executed the search warrant. I subsequently sought and received a warrant authorizing federal law enforcement personnel to search this iPhone and data extracted from it for evidence of child sexual exploitation.

11. While executing this federal warrant relating to the contents of this iPhone, FBI personnel observed numerous items of digital evidence indicating that he owned and controlled the iPhone. These included images of Rubino himself (*i.e.*, "selfies") as well as images depicting Rubino and Minor Victim 1 posing together in front of Rubino's "EAT HER RIGHT" flag. FBI personnel also observed multiple recorded video files depicting Rubino engaging in sexual conduct with Minor Victim 1.

12. Specifically but not exclusively, FBI personnel observed digital files that appeared to be recorded using the iPhone on or around October 3, 2024, and that are described as follows:

    a) A video file recorded in Rubino's room which is approximately 13.5 seconds in duration, in which Minor Victim 1 manually masturbates Rubino and in which his and Minor Victim 1's faces are clearly visible; and

    b) A video file recorded in Rubino's room which is approximately eight minutes in duration, in which Rubino engages in sexual intercourse with Minor Victim 1 and in which his and Minor Victim 1's faces are clearly visible.

13. Officers from the Vacaville Police Department who interviewed Minor Victim 1 when she was at the hospital in Solano County also viewed the above-described video files. These officers who spoke to Minor Victim 1 in person confirmed that Minor Victim 1 is the minor female depicted in the above-described video files.

14. In or around April 2025, I reviewed a database containing information about licensed drivers maintained by the California Department of Motor Vehicles. In my experience, this database contains accurate and reliable information about people residing or licensed to

drive in California. This database contains a record for Rubino which indicates that he was thirty-seven years old at the time the above-described video files were created.

15. Based on my training and experience as well as on publicly available information provided by Apple, I know that iPhones are manufactured outside the United States.

### III.     CONCLUSION AND REQUESTS

16. On the basis of the above information, I submit that there is probable cause to believe that Rubino caused Minor Victim 1 to engage in sexual conduct for the purpose of producing visual depictions of that conduct (*i.e.*, the above-described video files recorded on Rubino's iPhone). I therefore request that a criminal complaint and accompanying arrest warrant be issued for Michael Keith Rubino for violating 18 U.S.C. § 2251(a).

17. I further request that the Court issue an order sealing the criminal complaint, arrest warrant, and accompanying application materials until Rubino is arrested by federal law enforcement agents. This sealing request is based on the following facts:

   a) Rubino is currently in law enforcement custody in Solano County awaiting trial on state charges arising from his conduct with Minor Victim 1;

   b) I understand from conversations with state prosecutorial authorities that Rubino's state charges will be dismissed in lieu of the requested federal charges which this affidavit supports;

   c) If Rubino learns that federal charges are pending based on his conduct with Minor Victim 1, he could attempt to manipulate his still-pending state criminal proceedings with the goal of making federal prosecution more difficult or impossible.

///
///
///
///
///
///

AFFIDAVIT                                5

18. Hence, I submit that good cause exists to seal the criminal complaint and arrest warrant for which I am applying until Rubino is taken into federal custody.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

/s/ Carla Ceccon
CARLA CECCON
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me telephonically on:   April 22, 2025

THE HONORABLE JEREMY D. PETERSON
United States Magistrate Judge

/s SAM STEFANKI
Approved as to form by AUSA SAM STEFANKI

AFFIDAVIT   6

# United States v. Michael Keith Rubino
## Penalties for Criminal Complaint

VIOLATION: 18 U.S.C. § 2251(a) – Sexual Exploitation of a Child

PENALTIES: Mandatory minimum of 15 years in prison and up to 30 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of at least 5 years and up to life

SPECIAL ASSESSMENTS:
$100, pursuant to 18 U.S.C. § 3013;
$5,000 if the defendant is non-indigent, pursuant to 18 U.S.C. § 3014(a)(3);
Up to $50,000, pursuant to 18 U.S.C. § 2259A(a)(3).